UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GUMERSINDO D.Y.,[1]

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX, et al.,

Respondents.

No. 1:26-cv-06235-TLN-CSK

A# 240-465-191

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner Gumersindo D.Y.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed a response. (ECF No. 9.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL BACKGROUND

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is a noncitizen who entered the United States without admission approximately twenty years ago. (ECF No. 1 at 1.) Petitioner asserts he has strong ties to his community; he maintains a stable residence, is gainfully employed, files his taxes, and his children depend on him emotionally and financially. (*Id.* at 4, 15, 22–33.) Petitioner is not subject to a final order of removal and he has no criminal record. (*Id*. at 3-4; ECF No. 9-1 at 3.)

On August 2, 2026, Petitioner was apprehended and detained by immigration authorities at his apartment complex, when they were looking for a target who was not Petitioner. (ECF No. 1 at 3–4; ECF No. 9-1 at 2.) The record reflects that Respondents detained Petitioner without notice, a warrant, or an initial custody determination.[2] (ECF No. 1 at 3.) Respondents have also not provided any hearing either pre- or post-deprivation to justify Petitioner's detention, and Petitioner asserts he has not been given the opportunity to request such a hearing. (*Id.* at 3, 16.)

Respondents concede that Petitioner is entitled to a custody hearing before an immigration judge under 8 U.S.C. § 1226(a). (ECF No. 9 at 1.) Yet, they have not yet provided one. (ECF No. 1 at 3.) Petitioner now challenges the lawfulness of his detention. (*Id*.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

---

[2] On August 7, 2026, the Court ordered Respondents to provide "any custody determinations, warrants or notices," with their response to the Petition. (ECF No. 4.) Respondents did not provide any record of a warrant or custody determination. (*See* ECF No. 9.)

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his detention without a hearing violates the Immigration and Nationality Act ("INA") and the Fifth Amendment.[3] (ECF No. 1 at 5–8.) Respondents state that Petitioner was detained under 8 U.S.C. § 1225(b)(2)(A), but they acknowledge that 8 U.S.C. § 1226(a) governs Petitioner's detention and entitles him to a hearing. (ECF No. 9 at 1 (citing *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026)).)

As to Petitioner's statutory claim, the Ninth Circuit has rejected Respondents' application of 8 U.S.C. § 1225(b)(2) to persons like Petitioner. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3. Indeed, Respondents concede this point. (ECF No. 9 at 1.)

Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022).

> Moreover, courts have found each of the following violations of the requirements of 8 U.S.C. § 1226(a) to provide a sufficient basis mandating a petitioner's release: (1) failure to arrest following or contemporaneously with the issuance of a warrant pursuant to § 1226(a); (2) failure to issue a Notice to Appear charging the petitioner as inadmissible prior to, or contemporaneously with, the detention of the petitioner; (3) failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention; (4) failure to provide the petitioner an opportunity to

---

[3] Finding relief warranted on the basis of Petitioner's statutory and Fifth Amendment claims, the Court declines to address Petitioner's additional claims in favor of judicial economy.

> demonstrate to the immigration officer that release would not pose a danger to property or persons and that the petitioner is likely to appear for future proceedings; and (5) failure to provide the petitioner with the basis for the petitioner's continued detention.

*Zurita Navarro* v. *Warden Ctrl. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (citations omitted) (collecting cases). Respondents have provided no evidence or argument that they have complied with any of the procedural protections of § 1226(a) during Petitioner's detention. (*See* ECF No. 9.) On the record before the Court, Respondents have violated § 1226(a) in numerous ways, including a failure to issue an administrative warrant, a failure to provide an initial custody determination, failure to provide a bond hearing or provide an opportunity for Petitioner to make such a request, and failure to provide Petitioner with the basis for his continued detention. Thus, Respondents have violated 8 U.S.C. § 1226(a) and Petitioner's detention is unlawful under the INA.

As to Petitioner's constitutional claim, the Court finds Petitioner possesses a protected liberty interest and he was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause during the many years he lived freely in this country prior to his current detention. *See Brayan C.C. v. Warden of California City Corr. Ctr.*, No. 2:26-CV-00641-TLN-JDP, 2026 WL 710358, at *2–3 (E.D. Cal. Mar. 13, 2026). Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693. Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed notice and a hearing before a neutral decisionmaker to determine whether his detention was justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Respondents have not provided Petitioner any hearing as to his detention, either pre- or post-deprivation. Therefore, Respondents have violated the Fifth Amendment in Petitioner's detention.

## IV. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is hereby GRANTED. It is FURTHER ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Gumersindo D.Y. (A# 240-465-191) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents must file a **notice of compliance** with this provision by **August 19, 2026**.
2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.
3. Petitioner's motion for temporary restraining order (ECF No. 2) is DENIED as MOOT.
4. The Clerk of Court shall serve this Order on the **Golden State Annex**.
5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: August 14, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE